**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 12-1836

---

BOBBY R. ABERNETHY,

        Plaintiff - Appellant,

    v.

PATRICK DONAHOE, Postmaster General, US Postal Service,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Norman K. Moon, Senior District Judge. (5:11-cv-30077-NKM-BWC)

---

Submitted: November 16, 2012      Decided: November 21, 2012

---

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Bobby R. Abernethy, Appellant Pro Se. David Lew, Rick A. Mountcastle, Kartic Padmanabhan, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby R. Abernethy, a former employee of the United States Postal Service ("USPS"), appeals the district court's order granting Defendant's motion to dismiss his breach of contract action. The district court dismissed Abernethy's complaint "based on the simple fact that . . . a federal statute provides that, with narrow exceptions that are not applicable here, USPS employees serve *by appointment*, and not by contract." Citing to 39 U.S.C. § 1001(b) (2006) ("Except as otherwise provided in this title, the Postal Service shall appoint all officers and employees of the Postal Service."), and O'Neal v. Donahoe, 802 F. Supp. 2d 709, 714 (E.D. Va. 2011) (collecting cases wherein breach of employment contract actions against the USPS were dismissed), the district court determined that "claims that the USPS breached an employment contract are 'necessarily without merit.'" For the following reasons, we vacate and remand to the district court.

Unlike the claim at issue in O'Neal, and regardless of the fact that Abernethy was an appointed employee of the USPS, Abernethy alleged the existence and breach of a contract governing his compensation, rather than a contract governing his employment duration. See O'Neal, 802 F. Supp. 2d at 714 (collecting cases to support holding that "there is no employment contract that can form the basis for a Postal

employee's breach of contract action against the Postal Service[,]" where all of the cases involved an unlawful discharge or failure to reinstate). It does not necessarily follow that because Abernethy could have been terminated at any time, the Defendant also had the right to alter his compensation if, as Abernethy alleges, there was a valid contract on that point.

Accordingly, we vacate the district court's order and remand the matter to the district court for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] By this disposition, we intimate no view as to the appropriate resolution of Abernethy's claim.